IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No.: |

DECLARATION OF XUEPING ZHU
IN SUPPORT OF PLAINTIFF'S EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER

I, Xueping Zhu, declare as follows:

1. I am the Chief Executive Officer of Guangdong Aoyun Technology Co. Ltd. ("Plaintiff"). I am authorized to make this declaration on behalf of Plaintiff. The facts stated herein are based on my personal knowledge or my review of the business records of Plaintiff, and I could and would testify competently to them if called.

2. Plaintiff has successfully enforced its intellectual property rights in prior litigation, including obtaining a default judgment and asset freeze in a similar e-commerce infringement case. One such matter, *Guangdong Aoyun Technology Co. Ltd. v. Defendants (Schedule A)*, Case No. 1:24-cv-12808, was filed on December 12, 2024, in the United States District Court for the Northern District of Illinois, Eastern Division, involving Plaintiff's U.S. Patent No. 12,115,099 relating to a handwarmer product. On

May 20, 2025, the Court entered a default judgment and statutory damages award in favor of Plaintiff, as reflected in Dkt. 60.

3. In that case, one defendant, operating under the seller alias "Warm Embrace of Fandliss Store," was found to have sold 11,808 infringing units, and the Court awarded $118,080 in statutory damages. Despite the asset freeze ordered through the TRO and preliminary injunction, the asset in the account for "Warm Embrace of Fandliss Store" somehow dropped to $7,823 on March 24, 2025, and then only $189 at the time enforcement was sought, leaving Plaintiff unable to recover any meaningful compensation. Similar results occurred with other defaulted defendants in the same action.

4. Based on my knowledge in that case, I have observed a consistent pattern in which infringing sellers dissipate or transfer assets immediately after learning of a lawsuit. This pattern demonstrates the need for ex parte relief and for filing this TRO under seal, to prevent defendants from receiving advance notice and moving assets beyond the Court's reach. A true and correct copy of the relevant sections of the prior NDIL Default Judgment is attached as Exhibit 1.

5. On or about August 4, 2025, I received a concerning message in Chinese App Wechat from an account believed to be associated with one infringing seller. The message referenced another intellectual property enforcement case that Plaintiff intends to initiate concerning a different U.S. patent. The message was ostensibly framed as legal advice, but implicitly aimed at dissuading Plaintiff from pursuing enforcement of its intellectual property rights. A true and correct screenshot of this message, along with a certified English translation, is attached as Exhibit 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Guangdong, China on August 18, 2025.

[Signature] *Xue Ping Zhu*

Xueping Zhu

CEO of

Guangdong Aoyun Technology Co., Ltd.

Exhibit 1

3. Plaintiff is awarded damages from each of the Defaulting Defendants for the sale of the Infringing Product sold through at least the Defaulting Defendants' Seller Aliases according to the below chart, applying a profit margin of $10 per unit:

3

| Def. No. | Defendants' Seller Aliases | Units Sold | Damages Awarded |
|---|---|---|---|
| 3 | Warm Embrace of Fandliss Store | 11,808 | $118,080 |
| 8 | TY-US Co. Ltd | 3 | $30 |

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of Infringing Products.

**Excerpt from Court's Default Judgment and Asset Freeze Order**

| Platform | Defendant No. | Seller Aliases | Seller ID | Frozen Funds | Sales volume | Sales amount | Judgement Collection Result |
|---|---|---|---|---|---|---|---|
| Amazon | 1 | Tikaton | ATYQ1RY5T9UEB | 17501.97 | 806 | $12,789.11 | Default judgment against Defendant No.1 and awarded $6,395 in damages. Collected $6,395. |
| | 2 | RENXIN-INC | A3EMBPAZ43JRP7 | 41.48 | 58 | $1,072.48 | The defendant settled for $12500. |
| | 3 | Warm Embrace of Fandliss Store | A14E6CL6J3S0NY | 189 | 11808 | $170,590.41 | Default judgment issued against Defendant No. 3 and awarded **$118,080** in damages. **$0 received** |
| | 4 | haitang us | A3C3T94DR4G0L7 | -252.11 | 1054 | $17,847.92 | Default judgment issued against Defendant No. 4 and awarded $8,924 in damages. **Collected $555.29** |
| | 5 | KareCel Center Inc. | A3FU25ARHYRWH6 | -686.65 | 4768 | $109,354.67 | The defendant settled for $1,000. |
| | 6 | CeslaviaUS | A1774Z10UPEB1Z | 6813.62 | 277 | $3,500.58 | This store belongs to Defendant 2. |
| | 7 | Runco | AVOYSQCWXRPX8 | 2653.08 | 42983 | $842,360.48 | Default judgment issued against Defendant No. 4 and awarded **$421,180** in damages. **$0 collected** |

**Plaintiff's Internal Summary of Prior Enforcement Outcomes – Frozen Funds, Sales Data, and Judgment Collection Results**

# Exhibit 2

The following is an English translation of a WeChat message sent via a Chinese messaging app by one of the defendants. While framed as legal advice, the substance of the message reveals a deliberate plan to monitor for any lawsuit filed by Plaintiff and, upon detection, take immediate steps to appear in the case to block ex parte relief and frustrate enforcement efforts. The sender explicitly states: *"We will be monitoring all lawsuits related to Guangdong Aoyun in the near future. The moment Aoyun files a complaint, we will immediately file an attorney appearance."* This statement demonstrates that the defendant intends to take preemptive measures—including steps that could facilitate the rapid transfer or concealment of assets—to evade the Court's jurisdiction and avoid asset restraints. It underscores the critical need for this TRO to be filed under seal, to prevent advance notice that would enable defendants to dissipate assets and render enforcement ineffective.

A screenshot of the original Chinese-language WeChat message is attached following the translation.

| Chinese Text | English Translation |
|---|---|
| " | "The following is the advice I received from our legal department:<br><br>1. **Aoyun is preparing to initiate a TRO.** We will be monitoring all lawsuits related to Guangdong Aoyun in the near future. The moment Aoyun files a complaint, we will immediately file an attorney appearance. This way, we can avoid being subjected to a TRO, and it will also interfere with the plaintiff's ability to successfully obtain a TRO against other defendants (because if we file an attorney appearance, the plaintiff's grounds for requesting an emergency TRO on the basis of being unable to contact the defendants will no longer be valid).<br>2. **If the plaintiff manages to evade our monitoring and obtains a TRO,** we have already |

| Chinese Text | English Translation |
|---|---|
|  | collected a large amount of prior evidence on clip fans to move to vacate the TRO. In addition, since our company has a physical business location in the State of New Jersey, we will also file a motion to dismiss for lack of jurisdiction and simultaneously request an ex parte reexamination of the patent. |

07:46

A 朱雪平 澳运科技 中联领尚 ZLS



以下来自法务给我的建议：

1、Aoyun正在筹备发起TRO，我们会近期监控所有guangdong aoyun相关的起诉案件。aoyun发现起诉书的第一时间，我们就会提交attorney apperance，这样可以避免我们被TRO，同时也会影响原告方顺利拿到针对其他被告的TRO（我们提交律师出庭则原告以联系不上被告方为由申请紧急TRO动议的理由不成立）。

2、如果原告方顺利逃避我们的监控，拿到TRO。我们已经收集大量夹子风扇在先证据驳回TRO。同时我们公司在新泽西州有实体经营场所，所以我们也会提交以管辖权motion to dismiss。并且同步申请专利单方复议。

3、如果产品被下架，资金被冻结，我们会提起反诉，请求被下架期间的损失。以及相关律师费。目前律所给我的报价整体驳回费用大概在10w美金左右。

4、Schedule A 案件的目的主要是在被告不知情的情况下，通过被告不舍得律师费情况下，而达成一两万美金的和解的目的。目前我们我们已经发现，并且愿意支付律师费应诉，所以这在我们这里不成立。